IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HEIDI D.**, <br><br>           Plaintiff, <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY,** <br><br>           Defendant. | Case No. 2:21-cv-878 <br><br> Judge Graham <br><br> Magistrate Judge Deavers |

**OPINION AND ORDER**

Plaintiff Heidi D. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits and supplemental security insurance. This matter is before the Court for consideration of Plaintiff's May 31, 2022 objections to the May 17, 2022 report and recommendation ("R&R") of the Magistrate Judge, recommending that the Court affirm the Commissioner's non-disability determination and dismiss the matter. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**I.      Background**

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income in April 2015, alleging that she has been disabled since March 26, 2015 due to Prinzmetal's angina with coronary artery disease, obesity, chronic obstructive pulmonary disease, and gastroesophageal reflux disease. The Administrative Law Judge ("ALJ") denied Plaintiff's application. The denial became final when it was adopted by the Appeals Council. Plaintiff appealed the final decision of the Commissioner to this Court on December 4, 2019. Upon a joint motion for remand, this Court remanded the case to the Commissioner.

On remand the ALJ held two hearings and issued a partially favorable decision finding that Plaintiff was not disabled prior to August 27, 2020, but became disabled on that date. Plaintiff filed the present suit in this Court on March 1, 2021. Plaintiff filed a statement of specific errors asserting two issues: (1) "the ALJ failed to provide good reasons supported by substantial evidence explaining why Dr. Naum's treating source opinions were being accorded less than controlling weight," and (2) a Separation of Powers issue renders the ALJ's decision invalid. The Magistrate Judge issued a R&R recommending that the Court affirm the Commissioner's decision.

II.     **Standard of Review**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. Plaintiff's Objection

Plaintiff objects to the finding of the Magistrate Judge that the ALJ provided good reasons supported by substantial evidence to accord no weight to a medical opinion provided by Dr. Naum, Plaintiff's treating physician.

The ALJ summarized that:

> On April 25, 2016, G. Phillip Naum, M.D., completed a form and found [Plaintiff] could work none to one hour per day. She could stand and walk none to 15 minutes at one time. [Plaintiff] could stand and walk none to 60 minutes in workday. She could sit none to 15 minutes at one time and none to 60 minutes in workday. [Plaintiff] could never bend, stoop, balance, or work around dangerous equipment. She could occasionally tolerate heat but never tolerate cold or dust, smoke, or fumes. [Plaintiff] would need to elevate legs most of the time during an 8-hour workday. Dr. Naum indicated it was his opinion that [Plaintiff] would suffer from severe pain. Her pain symptoms required her to take unscheduled breaks, taking her off task for at least 10 percent of the workday (Exhibit 12F).

R. at 1059. She explained that she:

> gives no weight to the opinion of Dr. Naum, as a person so limited would need 24-hour care. Furthermore, the opinion is vague. [Plaintiff] could stand and walk a total of not at all to only 1 hour in a workday, which indicates [Plaintiff] might not walk at all. Likewise, sitting rated as none to 60 minutes. [Plaintiff] testified she sits a lot during the day and that she even took up knitting because she sits so much. He provided no opinion on her ability to lift. Exhibit 15F is the statement of a neurosurgeon to whom Dr. Naum apparently referred [Plaintiff]. He recommended physical therapy and no surgery. Furthermore, in February 2017, [Plaintiff] reported walking on the treadmill 10 to 15 minutes or longer at a 12 percent incline (Exhibit 17F).

R. 1059.

The Magistrate Judge found that substantial evidence supports the ALJ's decision to assign no weight to Dr. Naum's opinion. Doc. 24 at 21. The Court agrees. The ALJ reasonably found Dr. Naum's opinion to be vague. As the Magistrate Judge noted in her R&R, "[u]ndoubtedly, there is a distinction between the ability to walk for an hour and an inability to walk at all. Dr. Naum's opinion, set forth in a one-page checklist form without additional commentary, offers no

3

meaningful explanation acknowledging this distinction." Doc. 24 at 18-19. The ALJ also explained that Dr. Naum's opinion, which would suggest that Plaintiff needs 24-hour care, is inconsistent with Plaintiff's own reports that she can walk on a treadmill for 10 to 15 minutes or longer at a 12 percent incline and sits a lot during the day. R. at 1059. Clearly, the ALJ gave good reasons to assign no weight to Dr. Naum's opinion.

Moreover, the ALJ's decision shows Dr. Naum's opinion to be inconsistent with objective medical evidence of record. "Where the opinion of a treating physician is not supported by objective evidence or is inconsistent with other medical evidence of record, this Court generally will uphold an ALJ's decision to discount that opinion." *Price v. Comm'r Soc. Sec. Admin.*, 342 F. App'x 172, 176 (6th Cir. 2009) (citation omitted). The Magistrate Judge correctly summarized the ALJ's discussion of the objective evidence that refutes a disability finding as follows:

> [T]he ALJ noted that imaging of Plaintiff's lumbar spine from July 2019 showed no significant loss of disc height, only some tenderness and decreased range of motion, negative straight leg raising and normal gait. (R. at 1054.) Further, in August 2019, Plaintiff's range of motion was normal. (Id.) With respect to Plaintiff's cardiac and breathing impairments the ALJ cited Plaintiff's negative cardio workup in September 2017 and a normal pulmonary function examination with only mildly decreased airflow in December 2017. (R. at 1055.) The ALJ also reasonably considered Plaintiff's range of daily activities including shopping, driving and cooking. (R. at 1056.) Finally, the ALJ reasonably relied on the testimony of David Owens, M.D., the testifying medical expert. Dr. Owens opined the claimant is limited to sedentary exertion with sitting six hours. She could stand two to three hours and walk one to two hours but not continuously. (R. at 1057; 1106.)

Doc. 24 at 20.

In sum, the ALJ provided good reasons supported by substantial evidence to assign no weight to Dr. Naum's opinion.

4

## IV. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections, Doc. 25, adopts and affirms the Magistrate Judge's report and recommendation, Doc. 24, and dismisses this matter. The clerk is directed to enter final judgment in this case.

**IT IS SO ORDERED**.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: June 17, 2022